# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONNIE B., <br><br> Plaintiff <br> v. <br><br> NANCY A. BERRYHILL, AS ACTING COMMISSIONER FOR SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant | **MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS** <br><br> Case No.: 2:17-cv-00554-EJF <br><br> Magistrate Judge Evelyn J. Furse |

Plaintiff Connie B.,[1] pursuant to 42 U.S.C. § 405(g), seeks review by this Court of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for Social Security Disability Insurance Benefits. The Court heard oral argument on Ms. B.'s request for judicial review on August 29, 2018. At the hearing, attorney Benjamin A. Johnston appeared telephonically on behalf of Ms. B., and attorney Kathryn C. Bostwick appeared telephonically on behalf of the Commissioner. At the conclusion of the hearing, the Court remanded the matter for further consideration of the record as outlined herein.

---

[1] Pursuant to newly adopted best practices in the District of Utah addressing privacy concerns in certain cases, including Social Security cases, the Court will refer to the Plaintiff by her first name and last initial only in this Order.

## BACKGROUND

Ms. B. filed an application for Title II disability benefits with a protective filing date of October 3, 2013, with an alleged onset date of disability of March 26, 2013. (*See* Certified Administrative Transcript (herein Tr. __) 148-49, ECF No. 18.) The Social Security Administration ("SSA") denied her claim initially (Tr. 95), and upon reconsideration. (Tr. 100.) Ms. B. timely requested a hearing (Tr. 104), and on December 1, 2015 an Administrative Law Judge ("ALJ") held a hearing on her disability determination. (Tr.141.) On January 16, 2016, the ALJ found Ms. B. not disabled. (Tr. 18-33.) In his decision, the ALJ found that Ms. B. had severe medically determinable impairments of migraine headaches and temporomandibular joint disorder (Tr. 23), and that she retained the residual functional capacity to perform a restricted form of light work consistent with the ability to perform jobs existing in significant numbers in the national economy. (Tr. 27-28.)

Ms. B. timely appealed the decision to the Appeals Council (Tr. 15), who subsequently denied her Request for Review on April 17, 2017. (Tr. 1.) She appealed the decision by filing a complaint with this Court on June 8, 2017. (ECF No. 3.) On September 1, 2017, the parties consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. 636(c). (ECF No. 22.)

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner. The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial evidence in support of the Commissioner's factual findings and whether the SSA applied the correct legal standards. 42 U.S.C. §

405(g); Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The Commissioner's findings shall stand if supported by substantial evidence. 42 U.S.C. § 405(g). In addition to a lack of substantial evidence, the Court may reverse where the Commissioner uses the wrong legal standards, or the Commissioner fails to demonstrate reliance on the correct legal standards. See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); Thomson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993); Andrade v. Sec'y of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). However, the Court "may neither reweigh the evidence nor substitute [its] own judgment for that of the agency." Barnett v. Apfel, 231 F.3d 687, 689 (10th Cir. 2000) (internal quotations omitted).

## ISSUES PRESENTED FOR REVIEW

Ms. B. presents three challenges to the ALJ's decision. She argues that: (1) the ALJ's decision to find her medically determinable mental impairments not severe was not based upon substantial evidence, (2) that the residual functional capacity the ALJ assigned was not based upon substantial evidence, and (3) that the ALJ erred in not addressing Ms. B.'s impairments at step three of the disability adjudication process. After review of the issues and arguments, the Court remands this case back to the SSA.

**1. Any Error at Step Two Was Harmless**

The ALJ concluded that Ms. B.'s medically determinable mental impairments of "depression, post-traumatic stress disorder, and generalized anxiety disorder" were non-severe. (Tr. 23.) However, the ALJ found that Ms. B's migraine headaches and temporomandibular joint disorder constitute severe impairments. (Tr. 23) "[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ

3

finds that at least one other impairment is severe." Allman v. Colvin, 813 F.3d 1326, 1330 (10th Cir. 2016). Here, because the ALJ found Ms. B.'s migraine headaches and temporomandibular joint disorder constitute severe impairments, any error at step two remains harmless.

**2. Failure to Discuss and Weigh Dr. Chamberlain and Ms. Healy's Opinions**

In determining whether a plaintiff qualifies as disabled, the ALJ must consider and weigh all acceptable medical source opinions. See 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive.") Medical opinions "are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).

The ALJ failed to evaluate the medical source opinions of Mark Chamberlain, Ph.D., (Tr. 330-333) and Lynda R. Healey, APRN, properly. (Tr. 410.) Both opinions describe limitations Ms. B. suffers due to her psychiatric impairments, but none of these limitations were considered by the ALJ. Consideration of these opinions is warranted when determining the severity and limiting effects of Ms. B.'s psychiatric impairments. 20 C.F.R. § 404.1527(c). Further, the Court declines to recognize these omissions simply as "harmless error." The ALJ's decision fails to make clear that he considered either opinion statement. Nothing else in the opinion elucidates what the ALJ thought about these opinions or whether he just missed them. Without any analysis by the ALJ, the Court cannot determine how he would have ruled had he followed the proper

4

procedure.  Therefore, this Court remands the claim back to the ALJ to further evaluate the opinion evidence in determining Ms. B.'s mental impairments in accordance with the regulations and to provide specific, detailed rationales for each of the functional areas described in 20 C.F.R. § 404.1520a(c).

   3. **Substantial Evidence Does Not Support Ms. B.'s Residual Functional Capacity**

This Court also remands for further proceedings in light of errors found in the ALJ's analysis of Ms. B.'s daily activities and the medical evidence when determining she had the residual functional capacity to perform light work.  For a decision to be based upon substantial evidence, the ALJ must not only discuss the evidence that supports his decision but also "must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."  Clifton v. Chater 79 F.3d 1007, 1009-1010 (10th Cir. 1996).  The ALJ cited Ms. B.'s ability to drive a car, to watch TV, and to take care of her husband to support the residual functional capacity he assigned Ms. B.  (Tr. 26.)  However, the ALJ failed to describe that Ms. B.'s daily activities largely depend on the frequency and duration of her headaches.  Although Ms. B identified that she can cook and perform some cleaning, she also requires help from her husband and daughter in self-care (Tr. 195), attending doctor's visits (Tr. 410), driving, (Tr. 54), and remembering to take her medications (Tr. 196).  The ALJ failed to discuss why he rejected the evidence and chose not to rely upon these facts in his decision.

Moreover, the ALJ cited to several points in the record that simply do not show what he purports they show.  (Tr. 26.)  He cited records to show Ms. B.'s medical treatment has been "reasonably effective and successful in terms of pain relief and

5

symptom suppression, including increased sleep," but the records themselves fail to discuss pain relief at all. (Tr. 26.)[2] Exhibit 2F/1 (Tr. 264), is a medical progress note of Ms. B. complaining of a severe headache aggravated by light, noisy environment, physical activity, and relieved by lying down and rest. (Tr. 264.) It notes she was in discomfort due to the headache. (Id.) The ALJ also cited to Exhibit 7F/5, a counseling note where Ms. B. complained of difficulty with headaches and sleeplessness. (Tr. 342). The last two Exhibits the ALJ cites, 10F pages 4 and 8 (Tr. 413 and 417) are not progress notes at all, rather they are handwritten medication lists, with nothing mentioned about decreasing the intensity or persistence of Ms. B's headaches or pain generally. (Tr. 413, 417.)

Given the Court already requires remand to allow for additional proceedings, the ALJ should also address these failings. Moreover, as the decision does not contain an analysis of Dr. Chamberlain's or Ms. Healy's opinions, this Court cannot understand how the ALJ would have viewed the impact the impairments described therein would have had on Ms. B.'s residual functional capacity.

### 4. The ALJ's Step Three Analysis Must Consider All of the Medical Opinions

This Court declines to rule on whether the ALJ erred in his analysis at step three. However, in light of the remand and directive for the ALJ to properly analyze Ms. B.'s psychiatric impairments under 20 C.F.R. § 404.1920a and to consider all medical opinions as required under 20 C.F.R. § 404.1927, the further proceedings may provide clarity to the findings at step three. Accordingly, upon remand the ALJ must evaluate

---

[2] The ALJ cited the following records: Exhibits 2F page 1, 7F page 5, and 10F pages 4 and 8.

whether the Ms. B.'s medically determinable severe impairments, singly, or in combination, meet or medically equal any of the listed impairments at step three.

## **CONCLUSION**

For the foregoing reasons and based on the standard of review, the Court concludes that the decision rendered by the Commissioner must be REVERSED and REMANDED.

Dated this 26th day of September, 2018.

Hon. Evelyn J. Furse
United States Magistrate Judge